# LAW OFFICES OF JOEL B. RUDIN, P.C.

CARNEGIE HALL TOWER
152 WEST 57TH STREET
EIGHTH FLOOR
NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@rudinlaw.com

JOEL B. RUDIN

HARAN TAE
JACOB "COBY" LOUP
MATTHEW A. WASSERMAN

GEORGE R. GOLTZER
(OF COUNSEL)

SIDURI BECKMAN
(PARALEGAL)

October 15, 2020

**By ECF**
The Honorable Colleen McMahon
Chief United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:  *Fraser v. City of New York, et al.*
  No. 20-cv-4926 (CM)(ST)

Dear Chief Judge McMahon:

My firm represents plaintiff Jawaun Fraser, who alleges that he was imprisoned for two years as a result of evidence fabrication and *Brady* violations. A New York County Supreme Court Justice vacated his underlying conviction because of the prosecution's failure to disclose impeachment material—evidence of prior civil lawsuits—against the defendant police officers. I am writing with the consent of the defendants to request that this case be exempted from Local Civil Rule 83.10 ("the 1983 Plan") given the nature of Mr. Fraser's allegations and damages.

There are several features of this case that make it a poor fit for the 1983 Plan. While Mr. Fraser does have a malicious-prosecution claim, thus bringing this case within the scope of Local Civil Rule 83.10, this is essentially a wrongful conviction case based upon claims of evidence fabrication and violations of *Brady*. Claims for evidence fabrication and *Brady* violations, however, do not fall within the scope of the 1983 Plan. Additionally, Plaintiff alleges that the City of New York is liable under *Monell* for *Brady* violations because of the NYPD's failure to train, discipline, or supervise its employees, and the Manhattan District Attorney Office's policy, custom, or practice. The latter claim is a further distinguishing factor: while the 1983 Plan applies to cases brought against the City, the NYPD, or its employees, it does not

LAW OFFICES OF JOEL B. RUDIN, P.C.

Hon. Colleen McMahon
October 15, 2020
Page 2

apply to claims against the DA's office or its employees (even if due to prosecutorial immunity and the principles of municipal liability, the City remains the defendant).

Both the degree of damages alleged in this case and the presence of non-boilerplate *Monell* claims will require far more complex and extensive discovery than in standard 1983 Plan cases. While both sides are willing to engage in good-faith settlement negotiations at the earliest appropriate time, they cannot productively do so without first at least engaging in document discovery relating to the *Monell* claims. It would be a waste of both the parties' times and the mediator's time to require them to prepare for and undergo mediation before significant discovery takes place.

I therefore respectfully request that this case be removed from the 1983 Plan, that it be removed from the mediation program, and that the discovery stay be lifted.

Respectfully submitted,

/s/

Joel B. Rudin

cc:   Brian Francolla, Esq., Senior Counsel, NYC Law Department (by ECF)