UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

Jawaun Fraser,

                                          Plaintiff,

               -against-

The City of New York, Undercover Officer Number 84, Detective Matthew Regina, and Detective Jason Deltoro, Individually and as Members of the New York City Police Department,

                                      Defendants.

------------------------------------------------------------------X

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER REGARDING DEPOSITION OF UNDERCOVER OFFICER**

20-CV-4926 (CM) (OTW)

**WHEREAS**, plaintiff Jawaun Fraser seeks to take the deposition of defendant Undercover Officer #84 ("UC 84"), an active undercover officer of the New York City Police Department;

**WHEREAS**, defendants City of New York and UC 84 deem the identity and likeness of any undercover officer to be confidential or otherwise inappropriate for public disclosure;

**WHEREAS**, defendants object to the videotaping of any active undercover officers;

**WHEREAS**, defendants object to the production of an active undercover officer at a deposition without certain protection of his or her identity; and

**WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c)(1)(D) of the Federal Rules of Civil Procedure:

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between counsel for plaintiff and defendants, that UC 84 will be produced for a deposition, subject to the following conditions:

1. The deposition of UC 84 shall be conducted remotely using videoconference technology.

2. UC 84 will participate in the virtual deposition disguised.

3. Plaintiff will not be present at the deposition of UC 84 or within 100 feet of the vicinity of 100 Church Street, New York, New York, 1007, on the date of the deposition.

4. Counsel for plaintiff will not document, convey in words, or share by any other means of communication, the physical description or identifying characteristics, including gender, of UC 84 with anyone.

5. Plaintiff's counsel will not discuss UC 84's physical description at the deposition, on the record, or with anyone thereafter.

6. Any statements concerning the physical description or identifying characteristics of UC 84, including gender, made during the deposition by counsel for the parties or the deponent shall be stricken from the record, and the court reporter shall substitute any gender specific terms with gender neutral terms.

7. No audio or video recording equipment will be utilized to record the deposition of UC 84.

8. Neither plaintiff's counsel nor the court reporter will take any videotape, photographs, or any likeness of UC 84.

9. The court reporter present at the deposition will not discuss UC 84's physical description at the deposition, on the record, or with anyone thereafter.

10. In the event the identity of UC 84 is ever disclosed, whether intentionally or inadvertently, plaintiff's counsel agrees not to disclose that information to any third party, including plaintiff.

11.     The terms of this Stipulation will apply to the court reporter recording the deposition testimony of the witness. The court reporter is required to sign the corresponding Exhibit A before the commencement of the deposition of UC 84.

12.     This stipulation shall be binding upon the parties and anyone executing the corresponding Exhibit A immediately upon signature, and shall be submitted to the Court for entry as an order.

Dated: New York, New York
       April 28, 2021

Haran Tae, Esq.
*Plaintiff's Counsel*
Law Offices of Joel B. Rudin
152 West 57th Street, 8th Floor
New York, New York 10019

By: _____
    Haran Tae

JAMES E. JOHNSON
Corporation Counsel of the City of New York
*Attorney for Defendants City, Undercover Officer Number 84, Detective Regina, and Detective Deltoro*
100 Church Street
New York, New York 10007

By: /s/ Brian Francolla
    Brian Francolla

SO ORDERED: _____

Dated: April 29, 2021

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Stipulation of Confidentiality and Protective Order dated April 28, 2021, in the action entitled <u>Jawaun Fraser v. City of New York, et al.</u>, 20-CV-4926 (CM) (OTW), and understands the terms thereof. The undersigned agrees not to disclose the identity or any physical description of the deponent pursuant to the terms stated therein.

Date: _____     Signature: _____

Print Name: _____

Occupation: _____

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE
PARTIES'STIPULATION AND CONFIDENTIALITY ORDER

        The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

        It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

        The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten day period, identify to the court any portion of the decision that one or more of them believe should be redacted, provide the court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly-available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

        If this addendum is acceptable to the parties, the court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.