# LAW OFFICES OF JOEL B. RUDIN, P.C.

CARNEGIE HALL TOWER
152 WEST 57TH STREET
EIGHTH FLOOR
NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@rudinlaw.com

JOEL B. RUDIN

HARAN TAE
JACOB "COBY" LOUP
MATTHEW A. WASSERMAN

GEORGE R. GOLTZER
(OF COUNSEL)

SIDURI BECKMAN
(PARALEGAL)

June 24, 2021

**By ECF**
The Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    *Fraser v. City of New York, et al.*
              No. 20-cv-4926 (CM)

Dear Judge McMahon:

      My firm represents Plaintiff, Jawaun Fraser, in the above-referenced § 1983 action. I am writing to request an unsealing order so that the contents of a sealed criminal case file possessed by the Manhattan District Attorney's Office can be reviewed and produced in discovery. I am also writing to request a 30-day extension of the discovery deadline so we can investigate this information and complete one final Fed. R. Civ. P. 30(b)(6) deposition. The defendants consent to this application.

      During a deposition of a non-party witness taken yesterday, an email from a defense attorney was disclosed saying that an ADA in the employ of the Manhattan District Attorney's Office told him she was dismissing the charges in a felony case after indictment because Detective Matthew Regina was being investigated for misconduct. The ADA reportedly also said that she was going to file a written recommendation of dismissal, though it is unclear whether she did so (we have verified the case was dismissed). If true, this information would be relevant because Detective Regina was the arresting officer in Mr. Fraser's criminal case, testified at his trial, and is a named defendant in this civil case, accused of fabricating evidence.

      The district attorney's office has agreed to promptly look into this information, but say they are unable to access the underlying case file without a court order because it is sealed under New York Criminal Procedure Law section 160.50. The plaintiff therefore requests, with the defendants' consent, that the Court order the criminal case file unsealed for use in this federal litigation. *See Crosby v. City of New*

LAW OFFICES OF JOEL B. RUDIN, P.C.

Hon. Colleen McMahon
June 24, 2021
Page 2

*York*, 269 F.R.D. 267, 274-76 (S.D.N.Y. 2010) (holding that a federal court can order that official records and papers sealed under CPL § 160.50 be disclosed in discovery); *Lehman v. Kornblau*, 206 F.R.D. 345, 347 (E.D.N.Y. 2001) (same); *see also King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) ("New York state law does not govern discoverability and confidentiality in federal civil rights actions").

The parties are further requesting a 30-day extension of discovery to investigate. We have been informed that it will likely take two weeks for the district attorney's office to obtain the file once it is unsealed. Once this information is disclosed, of course, plaintiff's counsel will do their best to promptly investigate the information and determine whether we will be making additional discovery demands or moving to re-open any depositions. If information indicating that the Manhattan District Attorney's Office dropped the charges in a felony case because of concerns about Detective Regina's dishonesty or criminal conduct is found in the district attorney's files, the plaintiff will likely seek a further extension of discovery. If there is nothing there, of course, he will not. While we know that this Court has already granted the parties one 30-day extension of discovery, the plaintiff should not be prejudiced by the fact that this information only first came out on July 23.

We are also requesting an extension of discovery to complete one final 30(b)(6) deposition. While the plaintiff has already deposed a police department 30(b)(6) witness and has another deposition of a NYPD 30(b)(6) witness scheduled for Friday, June 25, it has become apparent that these two witnesses are unable to cover the full range of the noticed 30(b)(6) topics. Subject to the Court's approval, the parties have agreed on a deposition of a third NYPD 30(b)(6) witness to compensate, but cannot do so by the current discovery deadline of Monday, June 28, 2021.

A draft unsealing order is attached for the Court's approval. We have also attached a proposed revised scheduling order, which includes a 30-day extension of the dates to file a joint pre-trial order and any motion for summary judgment.

Thank you for Your Honor's consideration.

Respectfully submitted,

/s/

Matthew A. Wasserman

cc: All counsel (by ECF)