UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

Jawaun Fraser,

                                Plaintiff,

               -against-

The City of New York, Undercover Officer Number 84, Detective Matthew Regina, and Detective Jason Deltoro, Individually and as Members of the New York City Police Department,

                             Defendants.

---------------------------------------------------------------------- X

**PROPOSED JURY CHARGE**

20 CV 4926 (CM)

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, defendants submit the following proposed jury instructions:[1]

## PART I:  SUBSTANTIVE LAW[2]

### A.     The Statute, Its Function, and Elements of Claim for Relief

Plaintiff assert claims pursuant to 42 U.S.C. § 1983.

---

[1] Defendants intend to rely on the defense of qualified immunity.  As the Court in <u>Zellner v. Summerlin</u>, 494 F.3d 344 (2d Cir. 2007), and <u>Stephenson v. John Doe</u>, 332 F.3d 68 (2d Cir. 2003) has held, the issue of qualified immunity is one for the Court to determine as a matter of law.  Thus, defendants respectfully submit that the jury should not be charged on qualified immunity.  Defendants also respectfully submit that special jury interrogatories may be used to permit the jury to resolve the disputed facts upon which the Court can then determine, as a matter of law, the ultimate question of qualified immunity.  Defendants will submit proposed special interrogatories under separate cover.

[2] Defendants' proposed charge is limited to the elements of the claims, the damages sought and defenses based on the understanding that the Court already has general instructions. Notwithstanding, should the Court wish that defendants propose such language, we will promptly do so.

In order to prevail in this case pursuant to 42 U.S.C. § 1983, plaintiff must prove by a preponderance of the evidence that:

      1)     Defendants' conduct deprived the plaintiff of a right protected by the Constitution of the United States; and

      2)     Defendants' conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will explain these elements to you.

**1.**     **First Element:  Deprivation of Constitutional Right**

First, plaintiff must show that he was intentionally or recklessly deprived of a constitutional right by the defendants.  Specifically, the plaintiff must show, by a preponderance of the credible evidence, that (a) defendants committed the act alleged by plaintiff; (b) the alleged act caused the plaintiff to suffer the loss of a constitutional right; and (c) in performing the act alleged, defendants acted intentionally or recklessly.

**1.**     *Commission of Alleged Acts*

The first thing for you to determine is whether the defendants committed the acts alleged by plaintiff.  If you find that plaintiff has failed to prove by a preponderance of the credible evidence that the defendants committed the acts alleged by plaintiff, you must find in favor of the defendants.[3]

**2.**     *Loss of a Constitutional Right*

If you determine that the defendants committed the act alleged by plaintiff, you must next determine whether that act caused plaintiff to suffer the loss of a constitutional right.

---

[3] Adapted from the instructions given by the Hon. Paul A. Engelmayer in Gabriel Diaz v. Lauren Diaz, et al., 14 CV 4716 (S.D.N.Y. – delivered on February 3, 2016).

In this case the plaintiff has brought the following claims against the defendants Undercover Officer Number 84, Detective Regina and Detective Deltoro:

First, malicious prosecution.

Second, denial of the right to a fair trial.[4]

I'll now explain each of these claims to you in more detail.

## MALICIOUS PROSECUTION

Plaintiff alleges that the defendants maliciously commenced a criminal proceeding against him. You are to decide whether (1) defendants initiated a criminal proceeding against plaintiff, (2) the criminal proceeding was terminated in plaintiff's favor, (3) there was no probable cause for the commencement of the criminal proceeding, (4) whether defendants' actions leading to the initiation of the proceeding against plaintiff were motivated by malice, and (5) whether plaintiff suffered a deprivation of liberty as a result of the conduct of these defendants. The burden of proof is on the plaintiff to prove by a preponderance of evidence each of these elements.[5]

A defendant may be said to have initiated a criminal prosecution if (a) the defendant directed or required a prosecutor to prosecute, (b) gave the prosecutor, directly or indirectly, such as through the filing of a felony or misdemeanor complaint, information which the defendant knew to be false, or (c) withheld information that a reasonable person would realize might affect the prosecutor's determination whether to prosecute. A defendant cannot be said to have

---

[4] Defendants are seeking the dismissal of plaintiff's Brady claim against the individual defendants as well as his Monell claim against the City of New York. As such, defendants have not proposed any language for these claims based upon their belief that neither will reach the jury.

[5] Russo v. New York, 672 F.2d 1014, 1018 (2d Cir. 1982).

commenced a criminal proceeding simply because he fairly and truthfully disclosed to the prosecutor all matters within his knowledge that a reasonable person would believe would be important to the question of plaintiff's guilt or innocence. If, however, you find that the defendants gave the prosecutor information that the defendant knew to be false, the defendant is responsible for initiating the prosecution.[6]

I instruct you that the Assistant District Attorney is not a defendant in this action and the defendants may not be held responsible for the actions of the Assistant District Attorneys. If you find that an ADA and not a defendant caused the initiation of the prosecution of the plaintiff, you must find for defendants. Plaintiff must prove by a preponderance of the evidence that defendants commenced or initiated criminal proceedings against plaintiff.

The next issue is whether plaintiff has proved, by a preponderance of the evidence that the criminal proceeding was terminated in plaintiff's favor. In order to satisfy the favorable termination element, plaintiff must demonstrate that the prosecution was terminated in plaintiff's favor, in a manner affirmatively indicating that the plaintiff was innocent.[7] This means that the final disposition of the criminal proceedings must have involved the merits of the case and indicated that plaintiff was innocent of the criminal charges.[8]

The next issue is whether plaintiff has proved, by a preponderance of the evidence that defendants lacked probable cause to believe that plaintiff was guilty of a crime at the time that

---

[6] Rohman v. New York City Transit Auth., 215 F.3d 208, 217 (2d Cir. 2000); Defilippo v. County of Nassau, 183 A.D.2d 695, 696 (NY App. Div. 2d Dep't 1992).

[7] Kee v. City of N.Y., No. 20-2201-cv, 2021 U.S. App. LEXIS 26055, at *30 (2d Cir. Aug. 30, 2021).

[8] Gonzalez v. City of Schenectady, 728 F.3d 149, 162 (2d Cir. 2013) (citing Murphy v. Lynn, 118 F.3d 938, 948) (2d Cir. 1997)); Fulton v. Robinson, 289 F.3d 188, 196 (2d Cir. 2002)).

they commenced the prosecution.[9]   Let me explain what "probable cause" means.   Probable cause exists when, based on the totality of circumstances, an officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been by the person to be arrested.[10]

Probable cause requires only the probability of criminal activity; it does not require an actual showing of criminal activity.[11]   In other words, the arrestee's actual guilt or innocence is irrelevant to the determination of probable cause.[12]   A prosecution commenced with probable cause is lawful even if the plaintiff actually did not commit the crime.[13]   An officer need not have been convinced beyond a reasonable doubt that a criminal offense had been committed. Thus, the ultimate disposition of the criminal charge against plaintiff, whatever it may have been, is irrelevant to this question.[14]

You are not to view the question of probable cause from a position of calm, reflective hindsight, but from a position of how the circumstances appeared to the officers at the relevant time, which for a malicious prosecution claim is at the time the prosecution was commenced.[15] Because the existence of probable cause is analyzed from the perspective of a reasonable person

[9] Colon v. City of New York, 60 N.Y.2d 78, 82 (1983).

[10] Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004).

[11] Ricciuti v. New York City Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997).

[12] Michigan v. DeFillippo, 443 U.S. 31, 36 (1979); Pierson v. Ray, 386 U.S. 547, 555 (1967).

[13] Id.

[14] Pierson v. Ray, 386 U.S. 547, 555 (1967); Weyant v. Okst, 101 F.3d 845, 852 (2d. Cir. 1996).

[15] Taken from the instructions given by the Hon. Judge Lewis A. Kaplan in Manigault v. Brown, 11 CV 4307 (LAK); see also Maryland v. Pringle, 540 U.S. 366, 371 (2003).

standing in the officer's shoes, the actual subjective beliefs of the officer are irrelevant to the determination of probable cause.[16]   Once a police officer has a reasonable basis to believe there is probable cause, the officer is not required to explore or eliminate every theoretically plausible claim of innocence before making an arrest.[17]

Once officers possess facts sufficient to establish probable cause, they are neither required, nor allowed to sit as prosecutor, judge or jury.  Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through the weighing of the evidence.[18]   An officer also has no duty to investigate any claims of innocence by a plaintiff, and, if an officer ignored any statements of innocence by the plaintiff or the plaintiff's witnesses, that does not defeat probable cause.[19]   Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information.[20]

The existence of probable cause is not measured by the strict standards required for a criminal conviction.  An officer need not have been convinced beyond a reasonable doubt that a criminal offense had been committed.  Probable cause requires only a fair probability that an

---

[16] Whren v. United States, 517 U.S. 806, 812-813 (1996).

[17] Baker v. McCollan, 443 U.S. 137, 145-46 (1979); Panetta, 460 F.3d at 395.

[18] Krause v. Bennett, 887 F.2d 362, 372 (2d Cir. 1989).

[19] Taken from the instructions given by Hon. Judge Andrew J. Peck in Tsesarskaya v. City of New York, et al., 11 CV 4897 (S.D.N.Y. – delivered on June 13, 2012).

[20] Bernard v. U.S., 25 F.3d 98, 102 (2d Cir. 1994).

offense has been committed.  There need not have been evidence proving each of the elements of the offense at the time the officer made the arrest.[21]

Whether probable cause existed depends upon the reasonable conclusions to be drawn from the facts known to the defendants at the time of the commencement of the prosecution. Defendants assert that probable cause existed to prosecute plaintiff for robbery in the third degree.[22]  The New York offense of robbery in the third degree occurs when a person forcibly steals property.  N.Y. Penal Law § 160.05.  Forcible stealing—common to every degree of robbery in New York State—is defined as: when, in the course of committing a larceny, [a person] uses or threatens the immediate use of physical force upon another person for the purpose of: 1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or 2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.

Here, you have learned that plaintiff was indicted by a Grand Jury on this charge. Grand jury indictments create a rebuttable presumption of probable cause founded upon the premise that the Grand Jury acts judicially when it decides to indict a defendant.[23]  To rebut this presumption, a plaintiff must establish that the indictment was produced by fraud, perjury, the

---

[21] This paragraph has been taken from the instructions given by the Hon. Judge Lewis A. Kaplan in <u>Manigault v. Brown</u>, 11 CV 4307 (LAK) (<u>citing</u> <u>Devenpeck v. Alford</u>, 543 U.S. 146, 152-3 (2004); <u>DeFillippo</u>, 443 U.S. at 36; <u>United States v. Ginsburg</u>, 758 F.2d 832 (2d Cir. 1985).

[22] Defendants reserve the right to supplement this portion of the charge depending upon the evidence adduced at trial.

[23] <u>Colon</u>, 60 N.Y.2d at 82.

suppression of evidence or other police conduct undertaken in bad faith.[24]  "The burden of rebutting the presumption of probable cause requires the plaintiff to establish what occurred in the grand jury, and to further establish that those circumstances warrant a finding of misconduct sufficient to erode the 'premise that the Grand Jury acts judicially[.]'"[25]  In other words, to rebut the presumption of probable cause, the plaintiff must show that the defendants committed an act of misconduct in bad faith that influenced the grand jury's decision to indict plaintiff.[26]  If the plaintiff fails to rebut this presumption, then he cannot sustain his burden of proving by a preponderance of the evidence that the defendants you are considering did not have probable cause to prosecute plaintiff.[27]

Additionally, Grand Jury witnesses, including law enforcement, are entitled to absolute immunity from any § 1983 claim based on the witness' testimony.[28]  In other words, plaintiff cannot rebut the presumption of probable cause created by the grand jury indictment based upon testimony provided by any defendant during the Grand Jury Proceeding.  Likewise, plaintiff cannot base his malicious prosecution claim upon, or the rebut the presumption of probable cause created by the grand jury indictment, upon testimony provided by any defendant during the criminal trial of this matter or any other hearing in that occurred in the criminal case. All witnesses, including law enforcement, are entitled to immunity for testimony given at a criminal trial or hearing.

---

[24] Rothstein v. Carriere, 373 F.3d 275, 283 (2d Cir. 2004) (quoting Colon, 60 N.Y.2d at 83).

[25] Id. (quoting Colon, 60 N.Y.2d at 82).

[26] Adapted from the Jury Instructions in Manigault, 11 CV 4307 (LAK).

[27] Id.

[28] Rehberg v. Paulk, 132 S. Ct. 1497, 1506 (U.S. 2012).

The next element plaintiff must prove by a preponderance of the evidence is that the defendants acted with malice.  A prosecution is initiated maliciously if it is done for a purpose other than bringing an offender to justice, or out of ill will or in reckless disregard of the rights of the person accused.[29]  Malice may be inferred from a lack of probable cause.[30]  However, malice is not shown by the mere fact that probable cause for the prosecution may have been lacking, unless probable cause was "so totally lacking" that no reasonable officer could have thought it existed.[31]

The final element of a claim for malicious prosecution is deprivation of liberty. To be liable for malicious prosecution, plaintiff must prove to you by a preponderance of the evidence that he suffered a post arraignment deprivation of liberty as a result of defendants' conduct. Here, plaintiff was incarcerated following his arraignment. Incarceration constitutes a deprivation of liberty as a matter of law – but can fulfil the fifth element of a malicious prosecution only if it is the direct result of the charge for which you may find there was malicious prosecution. Stated differently, if you find that plaintiff would have been incarcerated on some other charge, notwithstanding the conduct of defendants with regard to the charge you are considering, than this element has not been established, and there is no deprivation of liberty.

I will now turn to plaintiff's second claim.

## DENIAL OF A RIGHT TO A FAIR TRIAL

Plaintiff alleges that he was denied the right to a fair trial by the defendants.  To establish a claim of denial of the right to a fair trial, plaintiff must prove the following elements by a

---

[29] <u>Lowth v. Town of Cheektowaga</u>, 82 F.3d 563, 573 (2d Cir. 1996).

[30] <u>Manganiello v. City of New York</u>, 612 F.3d 149, 163 (2d Cir. 2010).

[31] <u>Sankar v. City of New York</u>, 867 F. Supp. 2d 297, 312 (E.D.N.Y. 2012).

preponderance of the credible evidence of a material nature: (1) that the defendant created false information of a material nature likely to influence a jury's decision; (2) that the defendant forwarded that false information of a material nature to prosecutors; (3) that the prosecutors relied upon that fabricated evidence; and (4) that plaintiff was deprived of liberty as a result of the prosecution's reliance on the fabrication of evidence by the defendant. If you find that plaintiff has failed to prove any of these elements, then you must find in favor of the defendants.[32]

### 3.   *Intent*

As set forth above, to find a deprivation of a constitutional right for purposes of section 1983, a plaintiff must establish not only (a) that the defendants committed the acts alleged and (b) that those acts caused plaintiff to suffer the loss of a constitutional right, but also (c) that in performing the alleged acts, that the defendants acted intentionally or recklessly.

An act is intentional if it is done knowingly — that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason.  An act is reckless if done in conscious disregard of its known probable consequences.

In determining whether the defendants acted with the requisite knowledge or recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's

---

[32] See Jury Instructions given by the Honorable Jack B. Weinstein in Patrick Scott v. City of New York, et al., 11 CV 3846 (JBW) (E.D.N.Y. – delivered on March 28, 2013); Jury Instructions given by the Honorable Lewis A. Kaplan in Manigault, 11 CV 4307 (LAK) (S.D.N.Y. – delivered on July 18, 2012); Jury Instructions given by the Hon. Victor Marrero in Jermaine Nibbs v. City of New York, et al., 10 CV 3799 (VM) (S.D.N.Y. – delivered on September 22, 2011); see also Ricciuti v. New York City Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997); accord Jocks v. Tavernier, 316 F.3d 128, 138 (2d Cir. 2003); see also Zahrey v. Coffey, 221 F.3d 342, 355-56 (2d Cir. 2000).

mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Finally, it is not necessary to find that the defendants specifically intended to deprive plaintiff of his civil rights in order to find in favor of that plaintiff.  Again, plaintiff will have established a deprivation of a constitutional right for purposes of Section 1983 if you find that in performing the acts that caused the loss of plaintiff's constitutional right, the defendants acted intentionally or recklessly, as I have explained the meaning of those terms.

### 2. Second Element:  Proximate Cause

The second element that plaintiff must prove is that defendants' acts were a proximate cause of the injuries plaintiff sustained.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by plaintiff.  If you find that any of defendants' acts or omissions were a substantial factor in bringing about or actually causing plaintiff' injury, that is, if the injury was a *reasonably foreseeable* consequence of any of defendants' acts or omissions, then defendants' acts or omissions were a proximate cause of plaintiff' injuries.  If an injury was a direct result or a reasonably probable consequence of defendants' acts or omissions, it was proximately caused by such acts or omissions.  Stated another way, if a defendants' act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, plaintiff must show, by a preponderance of evidence, that their injury would not have occurred without the acts or omissions of one or more of the defendants.  If you find that the defendants have proven, by a preponderance of the evidence, that plaintiff complain about an injury that would have occurred even in the absence of

defendants' acts or omissions, you must find that the defendants did not proximately cause plaintiff' injury.

A proximate cause need not always be the nearest cause either in time or space.   In addition, there may be more than one proximate cause of an injury.  Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.  The defendants are not liable if he did not cause plaintiff' injuries or if plaintiff' injuries were caused by a new or independent source that intervened between the defendants' acts or omissions and plaintiff' injuries and produced a result that was not immediately foreseeable by defendants.

## PART II:  DAMAGES
### General Instructions[33]

If you find that the plaintiff has proved, by a preponderance of the evidence, all of the elements of his claims for relief, you must then decide if he suffered any injuries as a result of the violation of his rights.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages.  You should not reach the issue of damages unless you find that the plaintiff has established liability on his claims.  Also, just because I give you instructions on damages does not mean that I have any opinion about liability.  It is for you alone to decide whether the defendants are liable to the plaintiff.

Plaintiff is entitled to only one recovery, if at all, sufficient to reasonably compensate him for his injuries.  I therefore instruct you that if you find that plaintiff has prevailed on more than one claim, you may not award additional compensatory damages for the same injury.  You

---

[33] Adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.2 (2005 Supplement).

should award an amount of compensatory damages equal to the total damages you believe will fairly and justly compensate plaintiff for the separate injuries he suffered.  But you should not compensate plaintiff for the same injury twice simply because you find defendants liable for multiple claims.

This case involves multiple defendants.  Therefore, you must be careful to award damages only against the defendant or defendants that the plaintiff has proved are liable for that injury.  The fact that the plaintiff proves that one defendant is liable does not necessarily mean that the other defendants are also liable.  Each defendant is entitled to a separate and individual consideration of his liability without regard to your decisions on any other defendant.  If the plaintiff proves that a particular defendant is liable and responsible for a particular injury, you must impose damages for that particular injury upon that particular defendant.  Keep in mind, however, that plaintiff can recover only once for his injury, because the law disallows double recoveries.[34]

Should you decide that the plaintiff has proved a claim by a preponderance of the evidence, you must consider awarding two types of damages: compensatory damages and nominal damages.  I will explain the law concerning each of these types of damages to you.

### Compensatory Damages[35]

If you return a verdict for the plaintiff, then you may award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendants.  These damages are called

---

[34] Adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.06.1 (2009 Supplement).

[35] Unless otherwise cited, all paragraphs in this section, entitled "Compensatory Damages", were adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.1 (2005 Supplement).

compensatory damages.  The purpose of compensatory damages is to make the plaintiff whole – that is, to compensate the plaintiff for the damage that he has proven by a preponderance of the credible evidence.

Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.  You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered, or that the plaintiff is reasonably likely to suffer in the future.

Moreover, you shall award actual damages only for those injuries that you find plaintiff has proven by a preponderance of credible evidence to have been the direct result of conduct by the defendant you have found liable.  That is, you may not simply award actual damages for any injury suffered by plaintiff — you must award actual damages only for those injuries that are a direct result of actions by the defendant, and that are a direct result of conduct by the defendant that was a violation of plaintiff' rights.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of their rights at issue

here.  You may, however, compensate the plaintiff to the extent that you find that he was further injured by a defendant's violations of their rights.

Actual damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.

There is no claim in this case that the plaintiff sustained any loss of income or other economic loss.  So, in calculating compensatory damages, you may not include any amount for such losses.

### Nominal Damages[36]

If you return a verdict in the plaintiff' favor, but find that he failed to meet his burden of proving, by a preponderance of the credible evidence, that he suffered any actual injury, then you must return an award of damages in some nominal or token amount, not to exceed the sum of one dollar.  Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury.

Nominal damages may be awarded when the plaintiff has been deprived of a constitutional right but has suffered no actual damages as a natural consequence of that deprivation.  The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.[37] Therefore, if you find that the plaintiff has suffered no injury as a result of the defendants' conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

---

[36] MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.03.1 (2005 Supplement).

[37] Smith v. Wade, 461 U.S. 30, 52-56 (1983).

**Punitive Damages**[38]

**Attorneys' Fees**

Additionally, federal law provides for a separate award of attorneys' fees should the plaintiff prevail in this case.  The award of attorneys' fees in such circumstances is a matter to be determined by the Court.  Accordingly, if you award any damages to the plaintiff, you should not take into consideration the fees that the plaintiff may have to pay their attorneys.[39]

**Damages: Final Word**

Again, let me repeat that the fact that I have instructed you as to the proper measure of damages should not be considered as intimating that I have any view as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are required to be given for your guidance in the event you should find that any actual damages were proved by a preponderance of the evidence by plaintiff in this case according to the instructions I have given to you.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

---

[38] Defendants object to a punitive damages charge as the evidence does not support any inference that the defendants acted wantonly or in willful disregard of plaintiff's rights.  Should the Court deem a punitive damage charge appropriate, defendants reserve the right to submit further instructions addressing this claim.

[39] Adapted from the instructions given in <u>Manigault</u>, 11 CV 4307 (LAK).

Jawaun Fraser,                                              **<u>VERDICT FORM</u>**

                                        Plaintiff,              20 CV 4926 (CM)

                    -against-

The City of New York, Undercover Officer Number 84,
Detective Matthew Regina, and Detective Jason Deltoro,
Individually and as Members of the New York City Police
Department,
                                        Defendants..

------------------------------------------------------------------------ x


<u>**Malicious Prosecution**</u>

    <u>Question 1</u>:

Has plaintiff proven by a preponderance of the credible evidence that he was maliciously
prosecuted by any of the defendants?

             Undercover Officer Number 84        YES _____     NO _____

             Detective Matthew Regina           YES _____     NO _____

             Detective Jason Deltoro            YES _____     NO _____

**If you answered "No" please proceed to Question 2.**

**If you answered "Yes" please proceed to Question 1(a).**

    <u>Question 1(a)</u>:

Has plaintiff proven by a preponderance of the credible evidence that he suffered
compensatory damages as a result of being maliciously prosecuted?

Yes_____                          No_____

**If you answered "No" please proceed to Question 1(b).**

**If you answered "Yes" please proceed to Question 1(c).**


    <u>Question 1(b)</u>:

What amount of nominal damages, not to exceed one dollar, do you award plaintiff on his
malicious prosecution claim?

$_____

**Proceed to Question 2.**

Question 1(c):

State the total dollar amount of any actual compensatory damages that plaintiff is entitled to on his malicious prosecution claim:

$_____

**Proceed to Question 2.**

**<u>Denial of a Right to a Fair Trial</u>**

Question 2:

Has plaintiff proven by a preponderance of the credible evidence that he was denied the right to a fair trial by any of the defendants?

| | | |
|---|---|---|
| Undercover Officer Number 84 | YES _____ | NO _____ |
| Detective Matthew Regina | YES _____ | NO _____ |
| Detective Jason Deltoro | YES _____ | NO _____ |

**If you answered "No" you are finished with your deliberations.**

**If you answered "Yes" please proceed to Question 2(a).**

Question 2(a):

Has plaintiff proven by a preponderance of the credible evidence that he suffered compensatory damages as a result of being denied the right to a fair trial?

Yes_____                              No_____

**If you answered "No" please proceed to Question 2(b).**

**If you answered "Yes" please proceed to Question 2(c).**

Question 2(b):

What amount of nominal damages, not to exceed one dollar, do you award plaintiff on his denial of a right to a fair trial claim?

$_____

Question 2(c):

State the total dollar amount of any actual compensatory damages that plaintiff is entitled to on his malicious prosecution claim:

$\$$_____

**Your deliberations are <u>finished</u>.**

Dated:  New York, New York
         September 15, 2021

**GEORGIA M. PESTANA**
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-3527/2425

                    /s/

By: _____
       Brian Francolla
       *Senior Counsel*
       Special Federal Litigation Division

cc:   Matthew Wasserman, Esq. (by ECF)
      Law Offices of Joel B. Rudin
      152 West 57th Street, 8th Floor
      New York, New York 10019

      Joel Barry Rudin, Esq. (by ECF)
      Law Offices of Joel B. Rudin
      200 West 57th Street, Suite 900
      New York, New York 10019