# LAW OFFICES OF JOEL B. RUDIN, P.C.

CARNEGIE HALL TOWER
152 WEST 57TH STREET
EIGHTH FLOOR
NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@rudinlaw.com

JOEL B. RUDIN

JACOB "COBY" LOUP
DAVID E. RUDIN

DAVID S. KEENAN
(OF COUNSEL)

THELONIOUS COLEMAN
(PARALEGAL)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/6/2023

MEMO ENDORSED

February 3, 2023

2/3/2023
Thank you for this clarification — will see you on Monday.

**BY ECF**

Honorable Colleen McMahon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, New York, NY 10007-1312

Re: *Fraser v. City of New York, et al.*, No. 20-cv-04926 (CM)

Dear Judge McMahon:

We write on behalf of all parties to the above-captioned action to provide information requested in the Court's January 10, 2023 Decision on Motions *In Limine* (the "MIL Decision"), *see* Dkt. No. 136, as well as the Court's order of February 1, 2023, *see* Dkt. No. 140. Specifically, in the MIL Decision, the Court requested information relating to the Defendants' motion to preclude evidence as to civil lawsuits that were filed against members of the team of NYPD officers involved in the arrest of Plaintiff Jawaun Fraser. The parties write jointly to provide the requested information.

At the outset, however, the parties offer a note of clarity concerning the parties' prior submissions. Prior to briefing the motions *in limine*, the parties conferred in an effort to reach common ground concerning the admissibility of civil lawsuits. As the Court's decision notes, *see* MIL Decision at 11, the parties agreed that there were eight lawsuits about which there was no dispute as to admissibility in some form. As explained more fully below, those eight lawsuits were brought against Defendants UC84 or Jason Deltoro, the only remaining individual defendants on Plaintiff's *Brady* claim. Both Defendant UC84 and Deltoro testified against Mr. Fraser at his criminal trial. Plaintiff contends that each of the eight lawsuits against Defendants UC84 and Deltoro contained allegations that could have been used in an effort to impeach their credibility at Mr. Fraser's trial. Each lawsuit was served on Defendants UC84 and Deltoro, and Plaintiff contends that none of the lawsuits were disclosed by the Defendants to the prosecutor or to Mr. Fraser. As such, the Defendants conceded that those lawsuits are admissible in some form here (although Defendants raised contentions regarding the extent and form in which those lawsuits could be introduced).[1]

---

[1] As discussed in the *in limine* submissions, the issue is whether to admit the full complaints that should have been disclosed to the defendant or redacted versions. The parties will work conscientiously to work out our differences on this issue.

## LAW OFFICES OF JOEL B. RUDIN, P.C.

Honorable Colleen McMahon
February 3, 2023
Page 2

Those eight lawsuits are distinct from the 12 lawsuits at issue in Justice Stolz's decision on Mr. Fraser's 440 motion. Specifically, each of those 12 cases were filed against Defendant Matthew Regina and were, in contrast to the cases brought against Defendants UC84 and Deltoro, almost all in the possession of the District Attorney's Office at the time of Mr. Fraser's criminal trial. It was the prosecution's failure to disclose those cases that led Justice Stolz to grant Mr. Fraser's 440 motion. However, it is because the prosecution was in possession of nearly all of *those* cases that Plaintiff withdrew his *Brady* claim against Defendant Regina after discovery. *See* Dkt. No. 79 at n.2 (Plaintiff noting in opposition to summary judgment that, because "the prosecutor knew of 12 of 14 lawsuits against Regina," he "is dropping his *Brady* claim against Regina"). Plaintiff is instead pursuing his individual *Brady* claim against Defendants UC84 and Deltoro precisely because, as neither party disputes, the prosecution did *not* have those lawsuits in its possession (and for this reason Justice Stolz did not rule upon them). Accordingly, the parties respectfully request that the Court amend its order to allow admission of the eight lawsuits against Defendants UC84 and Deltoro, in place of the 12 lawsuits against Detective Regina. The parties apologize if their papers were not sufficiently clear on the foregoing and for the inconvenience it has caused the Court.

With the foregoing in mind, the parties provide below the information requested by the Court. We begin with information concerning the eight lawsuits that the parties agree should be admitted at trial in some form. We provide summaries of the 12 lawsuits that we believe were at issue in Justice Stolz's decision in Appendix A.

### I. Information as to the Eight Lawsuits That the Parties Agree Should be Admitted

The eight lawsuits were filed under 42 U.S.C. § 1983 against Defendants UC84 or Jason Deltoro. Plaintiff contends that the lawsuits contain specific allegations of unlawful conduct that those defendants allegedly engaged in prior to Mr. Fraser's criminal trial in November 2015. As noted, there is no dispute that the defendants were served with each of these lawsuits. The defendants settled each of them. Plaintiff contends that these eight lawsuits were not disclosed by Defendant UC84 or Deltoro to the prosecutor in Mr. Fraser's criminal trial (and were not ultimately produced to Mr. Fraser's trial counsel) but should have been pursuant to *Brady*, principally because, as Defendants have agreed, "the existence of the civil lawsuits could have been used for impeachment purposes," Dkt. 45 at 9; *see also* Dkt. 69 at 12 (Defendants agreeing "that a police officer's civil lawsuit history would be considered <u>Brady</u> information under the relevant case law"). Following the defendants' concessions, the Court noted that these eight lawsuits are ones that the Defendants concede "should have been disclosed." Dkt. No. 136 at 11.

The allegations from the lawsuits that the Plaintiff contends his criminal defense counsel could have used to cross-examine the officers regarding their credibility are summarized in the following table:

# LAW OFFICES OF JOEL B. RUDIN, P.C.

Honorable Colleen McMahon
February 3, 2023
Page 3

| Ex. | Case Citation | Description |
|---|---|---|
| PX13 | *Loglisci v. City of New York, et al.*, No. 09-cv-1220 (S.D.N.Y.). | This case was filed against **Defendant Deltoro** on February 10, 2009. Plaintiff Joseph Loglisci brought, in relevant part, false arrest, false imprisonment, and malicious prosecution claims alleging that Deltoro, as part of a buy-and-bust operation, was involved in arbitrarily handcuffing and arresting the plaintiff on the street for selling drugs, even though the officers had no probable cause that the Plaintiff had committed that (or any) crime. Plaintiff was then falsely charged with felony drug selling but the charges were dismissed nearly two months later by the District Attorney's office, which stated that it could not prove the case beyond a reasonable doubt. The civil case settled on September 21, 2009 for $50,000. Plaintiff contends that information about this lawsuit was not disclosed to Mr. Fraser in his criminal trial nor was the prosecution made aware of it before Mr. Fraser's criminal trial. |
| PX14 | *Murray v. City of New York, et al.*, No. 307520/2009 (Sup. Ct. Bronx Cty.) | This case was filed against **Defendant Deltoro** on September 15, 2009. Plaintiff Donnell Murray brought, in relevant part, false arrest, malicious prosecution, and excessive force claims alleging that Deltoro and other officers approached him with guns drawn in a Bronx diner early in the morning, and, with no probable cause that a crime was committed, arrested him, brought him to the police station, strip and cavity searched him, and then provided false information to prosecutors to help support felony charges against him, which were dismissed in full a year and a half later. The civil case settled on August 2, 2018 for $80,000. Plaintiff contends that information about this lawsuit was not disclosed to Mr. Fraser in his criminal trial nor was the prosecution made aware of it before Mr. Fraser's criminal trial. |
| PX15 | *Nunez, et al. v. City of New York, et al.*, No. 09-cv-8798 (S.D.N.Y.) | This case was filed against **Defendant Deltoro** on October 8, 2009. Plaintiffs Meagan Rivera and Miriam Nunez brought, in relevant part, false arrest and abuse of process claims alleging that Deltoro and other officers unlawfully entered their apartment with guns drawn looking for someone named "Eric," and when they could not find Eric, they falsely charged the Plaintiffs with Criminal Possession of a Weapon and Criminal Possession of a Forged Instrument, despite the fact that they had not found any weapons or forged instruments in their search (or otherwise). Plaintiffs spent 24 hours in jail before the District Attorney's office declined to prosecute. The civil case settled on March 24, 2010 for $30,000. Plaintiff contends that information about this lawsuit was not disclosed to Mr. Fraser in his criminal trial nor was the prosecution made aware of it before Mr. Fraser's criminal trial. |
| PX17 | *A.T. by Sanchez v. City of New York, et al.*, No. 12-cv-4146 (S.D.N.Y.) | This case was filed against **Defendant Deltoro** on May 24, 2012. Plaintiff A.T., a 15-year-old, brought, in relevant part, false arrest, malicious prosecution, and false imprisonment claims alleging that Deltoro and other officers entered her mother's apartment at night while she was in the home alone and showering. Although the officers were looking for an adult male, they pinned Plaintiff down to the bed, handcuffed and interrogated her while she was naked, and, with no justification or cause, told her she was being charged with a felony, issued her a desk appearance ticket, and disseminated false information that led to her being charged with a crime. After making a court appearance, she was notified by mail two weeks later that the false charges against her had been dismissed. The civil case settled on December 26, 2012 for $35,000. Plaintiff contends that |

# LAW OFFICES OF JOEL B. RUDIN, P.C.

Honorable Colleen McMahon
February 3, 2023
Page 4

| | | |
|---|---|---|
| | | information about this lawsuit was not disclosed to Mr. Fraser in his criminal trial nor was the prosecution made aware of it before Mr. Fraser's criminal trial. |
| PX34 | *Best v. City of New York, et al.*, No. 11-cv-5611 (S.D.N.Y.) | This case was filed against **Defendant UC84** on August 11, 2011. Plaintiff Robert Best brought, in relevant part, false arrest, evidence fabrication, malicious prosecution, and excessive force claims alleging that UC84 and other officers randomly and without suspicion approached him on the street, arrested him using overly aggressive force, took him to the precinct, and then falsely reported to the District Attorney's office that Plaintiff had sold and possessed marijuana and resisted arrest. The false charges against Plaintiff were subsequently dismissed on speedy trial grounds. The civil case settled on March 7, 2012 for $22,500. Plaintiff contends that information about this lawsuit was not disclosed to Mr. Fraser in his criminal trial nor was the prosecution made aware of it before Mr. Fraser's criminal trial. |
| PX35 | *Parris v. City of New York, et al.*, No. 13-cv-6686 (S.D.N.Y.) | This case was filed against **Defendant UC84** on September 20, 2013. Plaintiff Gary Parris brought, in relevant part, false arrest, malicious prosecution, and false imprisonment claims alleging that UC84 and two other officers, without any justification, suspicion, or cause, approached Plaintiff on the street, handcuffed and searched him, and, on the basis of one of the officer's false statements that Plaintiff was involved in a drug sale, caused his prosecution for six months prior to the case being dismissed. The civil case settled on June 10, 2014 for $17,500. Plaintiff contends that information about this lawsuit was not disclosed to Mr. Fraser in his criminal trial nor was the prosecution made aware of it before Mr. Fraser's criminal trial. |
| PX37 | *Pieralisi v. City of New York, et al.*, No. 15-cv-3785 (S.D.N.Y.) | This case was filed against **Defendant UC84** on May 15, 2015. Plaintiff John Pieralisi brought, in relevant part, false arrest, abuse of process, malicious prosecution, and failure to intervene claims alleging that UC84 and other officers approached him on the street near Madison Square Garden when he was with his stepson about to go to a concert and, without any justification, suspicion, or cause, ordered him to place his hands behind his back and informed him he was being arrested for selling drugs. On the basis of a false report that UC84 and the officers had a basis to suspect that Plaintiff had possessed and was selling illegal narcotics at the time, Plaintiff was arrested, booked, and charged with two felonies. The charges were dismissed against Plaintiff several days later. The civil case settled on January 27, 2016 for $9,000. Plaintiff contends that information about this lawsuit was not disclosed to Mr. Fraser in his criminal trial nor was the prosecution made aware of it before Mr. Fraser's criminal trial. |

LAW OFFICES OF JOEL B. RUDIN, P.C.

Honorable Colleen McMahon
February 3, 2023
Page 5

| | | | |
|---|---|---|---|
| PX38 | | *Wright v. City of New York, et al.*, No. 15-cv-4498 (S.D.N.Y.) | This case was filed against **Defendant UC84** on June 10, 2015. Plaintiff Kevin Wright brought, in relevant part, false arrest, malicious prosecution, and fair trial claims alleging that, while he was lawfully present at the intersection of Avenue D and East 6th Street in Manhattan, UC84 randomly approached him and an acquaintance from the neighborhood and asked them where he could purchase heroin. Plaintiff then told the acquaintance that he believed UC84 was a police officer, and then walked away to go wait for an uptown bus. Although the Plaintiff believed that his acquaintance then retrieved crack/cocaine for UC84, Plaintiff had no involvement in that transaction. Nevertheless, Plaintiff was then approached by other officers and placed under arrest. A search of Plaintiff found no evidence of any criminal activity, but Plaintiff was nevertheless falsely accused of selling a controlled substance. In particular, UC84 falsely told the District Attorney's office—both orally and in documentation—that (i) he was approached by Plaintiff; (ii) Plaintiff asked UC84 what he was looking for; (iii) Plaintiff offered to sell him heroin at a later date; (iv) Plaintiff was with the acquaintance the entire time at the scene; (v) Plaintiff was looking out for the acquaintance during the alleged drug sale; and (vi) Plaintiff was quizzing UC84 to determine if he was a police officer. On the basis of this false story, Plaintiff was charged and detained for five months until the claims were dismissed against him after a jury found him not guilty. On August 22, 2018, the district court judge granted in part and denied in part the defendants' summary judgment motion in the civil case, concluding that Plaintiff had raised a material issue for trial as to his false arrest claim but not as to his malicious prosecution or fair trial claims. The civil case settled on October 17, 2018 for $2,500 prior to any findings being made by the court. Plaintiff contends that information about this lawsuit was not disclosed to Mr. Fraser in his criminal trial nor was the prosecution made aware of it before Mr. Fraser's criminal trial. |

## II. Information as to Lawsuits Underlying Justice Stolz's 440 Decision

While Plaintiff will not seek to introduce evidence of the 12 lawsuits filed against Defendant Regina that served as the basis of Justice Stolz's decision to grant Mr. Fraser's Section 440 motion (which was granted on the ground that the *city* violated its *Brady* obligations by suppressing those lawsuits), we nevertheless respond in Appendix A to the Court's request for information as to those lawsuits. Justice Stolz's decision itself did not specify which lawsuits he was referring to, but the parties agree, following their conferral and an analysis of the evidence, that Justice Stolz was likely referring to the cases listed and described in Appendix A.

## III. Information as to Lawsuits Against Non-Party Officers Patane, Lee, and UC17

In the MIL Decision, your Honor concluded that information as to lawsuits filed against officers Patane and Lee will not be admissible in support of Plaintiff's *Brady* or *Monell* claims because neither Patane nor Lee were called as witnesses at Mr. Fraser's criminal trial. *See* MIL Decision at 11. Plaintiff assumes this ruling also precludes admission of a case filed against UC17, who was a relatively insignificant witness at Mr. Fraser's criminal trial. Your Honor asked for the

# LAW OFFICES OF JOEL B. RUDIN, P.C.

Honorable Colleen McMahon
February 3, 2023
Page 6

names and index numbers of these cases. This information (including the case against UC17) can be found in Appendix B.

### IV. Admissibility of Lawsuit Allegations Pursuant to FRE 404(b) and 608(b)

Finally, as noted in the MIL Decision, Plaintiff would like to impeach the credibility of certain of the police defendants by utilizing the underlying factual allegations in certain of the civil lawsuits (but not, of course, citing the lawsuits themselves) pursuant to Fed. R. Evid. 404(b) and 608(b). The parties, at the Final Pre-Trial Conference on February 6, will request a directive as to how and by when the Court would like this issue presented for its resolution.

Respectfully submitted,

/s/

Joel B. Rudin

JBR/tc

cc: Brian Francolla (by ECF)
Senior Counsel
New York City Law Department
Special Federal Litigation Division
100 Church Street
New York, NY 10007
*Counsel for Defendants*

Michael L. Bloch
Benjamin D. White
Cristina Alvarez
Bloch & White LLP
152 W 57th Street, 8th Floor
New York, NY 10019
*Co-Counsel for Plaintiff Jawaun Fraser*

David E. Rudin
Law Offices of Joel B. Rudin, P.C.
152 West 57th Street, 8th Floor
New York, NY 10019
*Co-Counsel for Plaintiff Jawaun Fraser*

## Appendix A – Lawsuits Underlying Justice Stolz's 440 Decision

| Ex. | Case Citation | Description |
|---|---|---|
| PX29 | *Walker v. City of New York, et al.*, No. 12-cv-385 (E.D.N.Y.) | This case was filed against **Defendant Regina** on January 26, 2012 (amended on May 21, 2012). Plaintiff Dominique Walker brought, in relevant part, false arrest, false imprisonment, and assault and battery charges alleging that Regina and other officers stopped his car without probable cause, took her phone away from her to prevent her from documenting the incident, and then held her in custody for ten minutes outside of the car, but ultimately did not write a summons. The civil case settled on May 30, 2012 for $1,501.<br><br>The parties dispute whether this case was turned over to the defense prior to Mr. Fraser's criminal trial. |
| PX30 | *Stewart v. City of New York, et al.*, No. 12-cv-750 (E.D.N.Y.) | This case was filed against **Defendant Regina** on February 15, 2012 (amended on July 20, 2012). Plaintiff Sean Stewart brought, in relevant part, false arrest, abuse of process, and malicious prosecution claims alleging that Regina and other officers unlawfully stopped and detained plaintiff on a street corner, searched him and found no contraband, yet transported him to the precinct and caused his arraignment on false charges based on the false statements made by one of the officers. The criminal charges against the Plaintiff were dismissed nineteen months later. The civil case settled on June 2, 2014 for $50,000.<br><br>The parties dispute whether this case was turned over to the defense prior to Mr. Fraser's criminal trial. |
| PX22[1] | *Peterson v. Regina*, No. 10-cv-01692 (S.D.N.Y.) | This case was filed against **Defendant Regina** on January 22, 2010. Plaintiff Alvin Peterson brought, in relevant part, false arrest, false imprisonment, and malicious prosecution claims alleging that an undercover officer approached him in his building and asked if he could help her get crack cocaine, and shortly after Plaintiff said he could not help her, several officers, including Regina, grabbed Plaintiff, handcuffed him, and searched him, yet found no pre-recorded buy money or drugs. The officers acknowledged they had the wrong individual yet they detained him anyway, with Regina being the arresting officer. Plaintiff was ultimately charged with criminal sale of a controlled substance, but a jury acquitted him of the charge. On January 18, 2013, a magistrate judge issued a report and recommendation to grant in part and deny in part the defendant's summary judgment motion in the civil case, concluding that Plaintiff had raised a material issue for trial as to his false arrest and false imprisonment claims but not as to his malicious prosecution claim. The civil case settled on May 17, 2013 for $10,000.<br><br>The parties dispute whether this case was turned over to the defense prior to Mr. Fraser's criminal trial. |

---

[1] The parties' current exhibit list includes the magistrate judge's report and recommendation that recommended denying in part and granting in part the defendant's summary judgment motion. To the extent this case gets admitted at trial, the parties would instead submit the complaint that was filed in that action. *See* No. 10-cv-01692, Dkt. No. 47-6.

A-1-1

| | | |
|---|---|---|
| PX24 | *Molina v. City of New York, et al.*, No. 10-cv-01370 (S.D.N.Y.) | This case was filed against **Defendant Regina** on May 26, 2010 (amended on June 15, 2010). Plaintiff Jason Molina brought, in relevant part, false arrest, malicious prosecution, abuse of process, and evidence fabrication claims alleging that Regina and other officers unlawfully stopped and handcuffed him on a street corner, searched him and found no contraband, yet arrested him and falsely charged him with criminal drug possession. Plaintiff alleged that to support the arrest, the defendants submitted false and misleading police reports and forwarded them to prosecutors, and also gave false testimony concerning the incident. Plaintiff spent three days in custody, but the criminal charges against him were dismissed four months later. The civil case settled on July 13, 2010 for $10,000.<br><br>The parties dispute whether this case was turned over to the defense prior to Mr. Fraser's criminal trial. |
| PX26 | *Hackshaw v. City of New York, et al.*, No. 10-cv-06005 (E.D.N.Y.) | This case was filed against **Defendant Regina** on December 28, 2010 (amended on July 8, 2011). Plaintiff David Hackshaw brought, in relevant part, excessive force and deliberate indifference to medical needs claims alleging that Regina and other officers caused him to crash his bike on a street corner, accused him of being a child molester, and threatened to shoot him. The officers then physically assaulted Plaintiff as he was acting peacefully, violently placed him in a van, transported him to the precinct, and ignored his requests for medical attention. The civil case settled on October 18, 2011 for $10,000.<br><br>The parties dispute whether this case was turned over to the defense prior to Mr. Fraser's criminal trial. |
| PX18 | *Drennon, et al. v. City of New York, et al.*, No. 05-cv-02486 (E.D.N.Y.) | This case was filed against **Defendant Regina** on May 23, 2005. Plaintiffs Charles Drennon and Shamel King brought, in relevant part, false arrest, malicious prosecution, evidence fabrication, and excessive force claims alleging that Regina and other officers unlawfully detained and arrested them on a street corner without cause and caused their false charges as to the sale and possession of drugs. The officers transported the Plaintiffs to the precinct and subsequently met with prosecutors and falsely reported that the Plaintiffs had committed felony drug offenses. Approximately two months later, the charges against both Plaintiffs were dismissed in separate proceedings. The civil case settled on August 11, 2015 for $50,000.<br><br>The parties dispute whether this case was turned over to the defense prior to Mr. Fraser's criminal trial. |
| PX28 | *Canelo v. City of New York, et al.*, No. 11-cv-00052 (E.D.N.Y.) | This case was filed against **Defendant Regina** on January 5, 2011 (amended on June 29, 2011). Plaintiff Aneury Canelo brought, in relevant part, claims for false arrest, malicious prosecution, abuse of process, and excessive force alleging that officers approached him while in a car with guns drawn, pulled him out of the car, and then handcuffed and assaulted him. Regina and other officers then, without probable cause, transported him to the precinct and initiated a false prosecution against him, which was dismissed six months later. The case settled on May 24, 2012 for $37,500.<br><br>The parties dispute whether this case was turned over to the defense prior to Mr. Fraser's criminal trial. |
| PX21 | *Butler v. City of New York, et al.*, No. 09-cv-02559 (E.D.N.Y.) | This was filed against **Defendant Regina** on June 15, 2009 (amended on March 29, 2010). Plaintiff Bless Butler brought, in relevant part, claims for false arrest alleging that Regina and others arrested him for trespassing without probable cause while he was innocently standing in the lobby of his foster mother's apartment waiting for his foster mother's son. All criminal charges against Butler were subsequently dismissed. The civil case settled on April 20, 2010 for $15,000. |

| | | |
|---|---|---|
| | | The parties dispute whether this case was turned over to the defense prior to Mr. Fraser's criminal trial. |
| PX25 | *Bumbrey, et al. v. City of New York, et al.*, No. 10-cv-05188 (E.D.N.Y.) | This case was filed against **Defendant Regina** on November 9, 2010 (amended on August 10, 2012). Plaintiffs Candi Bumbrey, Zanayia Legrand, and Yanick Jackson brought, in relevant part, claims for false arrest, abuse of process, and malicious prosecution, alleging that Regina and other officers approached their apartment with guns drawn, grabbed them when they opened the door, and handcuffed them. The officers then searched the apartment, transported Plaintiffs to the precinct, and initiated a false prosecution. The claims were dismissed shortly thereafter. The case settled on April 1, 2013 for an undisclosed amount.<br><br>It is undisputed that this case was not turned over to the defense prior to Mr. Fraser's criminal trial. |
| PX23 | *Boyd, et al. v. City of New York, et al.*, No. 10-cv-02096 (E.D.N.Y.) | This case was filed against **Defendant Regina** on May 7, 2010 (amended on November 11, 2010). Plaintiffs Tetee Boyd and Edward Dossantos brought, in relevant part, claims for false arrest alleging that Regina and other officers broke down the door of an apartment, handcuffed the plaintiffs, took them to the precinct without any probable cause, and released them without charges more than twelve hours later. The civil case settled on April 23, 2012 for $14,000.<br><br>The parties dispute whether this case was turned over to the defense prior to Mr. Fraser's criminal trial. |
| PX27 | *Bell, et al. v. City of New York, et al.*, No. 11-cv-01885 (E.D.N.Y.) | This case was filed against **Defendant Regina** on April 15, 2011 (amended on February 17, 2012). Plaintiffs Jonathan Bell, Hezeciah Hunter, Michael Gordon, Devan Bell, and Stephen Springle brought, in relevant part, claims for false arrest, abuse of process, and equal protection violations alleging that Regina and another officer stopped a car driven by certain of the plaintiffs, three African-American men, and searched them and found nothing, yet detained them for an extended and unreasonable time, ultimately releasing them without charging them. The civil case settled on April 4, 2013 for $17,500.<br><br>The parties dispute whether this case was turned over to the defense prior to Mr. Fraser's criminal trial. |
| PX31 | *Baynes v. City of New York, et al.*, No. 12-cv-05903 (S.D.N.Y.) | This case was filed against **Defendant Regina** and **UC84** on August 2, 2012 (amended on November 27, 2012). Plaintiff Marlon Baynes brought, in relevant part, claims for false arrest, malicious prosecution, abuse of process, denial of a right to a fair trial, and excessive force alleging that UC84 approached him on a street corner and said he was looking for drugs, and when he told UC84 he did not have any nor knew where to get any, he walked away. UC84 then secured drugs from another individual and tried to hand them to the Plaintiff, and the Plaintiff immediately threw the drugs on the ground and walked away. When he turned the corner he was arrested by NYPD officers, including Regina, who violently handcuffed him and falsely arrested him for selling drugs knowing that they lacked probable cause to do so and ultimately causing his prosecution. Several days later, the grand jury refused to return a true bill, which resulted in all charges being dismissed. The civil case settled on January 29, 2013 for $25,000.<br><br>It is undisputed that this case was disclosed to Mr. Fraser's defense counsel prior to his criminal trial. |

A-2-1

## Appendix B – Patane, Lee, and UC17 Lawsuits

| Ex. | Case Citation | Defendant |
|---|---|---|
| PX39 | *Finney v. City of New York et al.*, No. 04-cv-09929 (S.D.N.Y.) | Lee |
| PX40 | *McKnight v. City of New York et al.*, No. 06-cv-03220 (S.D.N.Y.) | Lee |
| PX41 | *Cubero v. City of New York et al.*, No. 07-cv-02640 (S.D.N.Y.) | Lee |
| PX42 | *Tingling v. City of New York et al.*, No. 10-cv-00874 (S.D.N.Y.) | Lee |
| PX43 | *McIlwain v. City of New York et al.*, No. 10-cv-07946 (S.D.N.Y.) | Lee |
| PX44 | *Gonzalez et al. v. City of New York et al.*, No. 10-cv-09039 (S.D.N.Y.) | Lee |
| PX45 | *Vera v. City of New York et al.*, No. 12-cv-06925 (S.D.N.Y.) | Lee |
| PX46 | *Robinson v. City of New York et al.*, No. 15-cv-05850 (S.D.N.Y.) | Lee |
| PX47 | *Arnold v. City of New York et al.*, No. 06-cv-02729 (S.D.N.Y.) | Patane |
| PX48 | *Henderson v. City of New York et al.*, No. 11-cv-01611 (S.D.N.Y.) | Patane |
| PX49 | *McAvoy v. City of New York et al.*, No. 11-cv-04819 (S.D.N.Y.) | Patane |
| PX50 | *Williams v. City of New York et al.*, No. 11-cv-02619 (S.D.N.Y.) | UC17 |