

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **BRIAN FRANCOLLA**<br>Senior Counsel<br>Phone: (212) 356-3527<br>Fax: (212) 356-3509<br>Email: bfrancol@law.nyc.gov |

February 10, 2023

**BY ECF**
Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: Jawaun Fraser v. City of New York, et al., 20-CV-4926 (CM)

Your Honor:

  I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and one of the attorneys assigned to the defense of the above-referenced matter on behalf of defendants City of New York, Undercover Officer Number 84, Detective Regina, and Detective Deltoro. In that capacity, I write to respond to this Court's inquiry about the level of intent required to deem the individual police officers violated Brady. Defendants contend that the *mens rea* required to establish a Brady violation against an individual police officer is intentionality.

  In this Court's summary judgement decision, Your Honor espoused, "The only issue that might require extended discussion is whether the law requires that the individual defendants' failure to disclose Brady material was *intentional* or merely *reckless*." See Docket Entry No. 87 at 2 (emphasis in original). At the February 6, 2023 pretrial conference, the Court requested an answer to this inquiry.

  In summary judgment briefing, defendants argued:

> "Defendants submit that absent a showing that the non-disclosure was intentional, any Brady claim against the individual defendants fails as a matter of law. Bellamy v. City of New York, 914 F. 3d 727, 751 n.23 (2d Cir. 2019) ("The Second Circuit has 'suggested, though without so concluding, that a civil Brady claim requires a showing that the non-disclosure was intentional.'); see also

Fappiano v. City of New York, 640 F. App'x 115, 118 (2d Cir. 2017) (summary order)." See Docket Entry No. 69 at 12.[1]

Although the Second Circuit has not had occasion to revisit their "suggestion" iterated in Bellamy, the overwhelming weight of authority in this jurisdiction demonstrates that intentionality is an element of Brady. Fappiano v. City of New York, 640 F. App'x 115, 118 (2d. Cir. 2016) ("Our limited precedent addressing fair trial claims sounding in a Brady violation confirms our understanding that police officers may be held liable for Brady violations *when they intentionally suppress exculpatory evidence.*") (emphasis added); Moroughan v. Cty. of Suffolk, 514 F. Supp. 3d 479, 536 (E.D.N.Y. 2021) ("Moreover, to the extent plaintiff suggests that the DFRT members and Marinace were negligent in failing to uncover exculpatory information regarding the incident, this argument fails because *only the intentional suppression of exculpatory evidence by the police* gives rise to a fair trial claim under § 1983.") (emphasis added); Paulin v. Sassi, 17-CV-5105 (KMK), 2021 U.S. Dist. LEXIS 7597, at *11 (S.D.N.Y. Jan. 14, 2021) ("The duty to identify and disclose Brady material generally is the responsibility of the prosecutor, but an individual police officer may be held liable for a Brady violation *if the officer intentionally hides exculpatory evidence within the officer's exclusive possession from the prosecution*.") (emphasis added); Bleiwas v. City of New York, 15-CV-10046 (ER), 2019 U.S. Dist. LEXIS 169476, at **29-30 (S.D.N.Y. Sept. 27, 2019) ("In a fair-trial-claim context, the officer must have *willfully* suppressed evidence.") (emphasis added).

Moreover, "[t]he Second Circuit has "never held that anything less than an intentional *Brady* violation establishes a [civil] § 1983 due process claim for damages." Jeanty v. City of Utica, 6:16-cv-00966 (BKS/TWD), 2021 U.S. Dist. LEXIS 7737, at *45 (N.D.N.Y. Jan. 14, 2021) (citing Fappiano, 640 F. App'x at 118). This Court acknowledged the Brady standard for police officers in its Rule 12 decision in this case. Fraser v. City of New York, 20-CV-04926 (CM), 2021 U.S. Dist. LEXIS 69324, at *12 (S.D.N.Y. Apr. 9, 2021).

Notably, the intentionality standard required for a Brady claim lodged against individual police officers is readily distinguishable from the higher standard prosecutors are held to, which is "willful or inadvertent." United v. Avenatti, (S1) 19 Cr. 373 (PGG), 2022 U.S. Dist. LEXIS 23471, at *18 (S.D.N.Y. Feb. 9, 2022).

Therefore, based on the resounding jurisprudence in this jurisdiction, defendants submit that the *mens rea* required to establish a Brady violation against an individual police officer is intentionality.

---

[1] Plaintiff argued in opposition that "recklessness" is enough to establish a Brady violation against a police officer. See Docket Entry No. 79 at 10; Tennison v. City & Cty. Of San Francisco, 570 F. 3d 1078, 1088 (9th Cir. 2009); Steidl v. Fermon, 494 F.3d 623, 631 (7th Cir. 2007). However, neither of the cases to which plaintiff cited are binding precedent for this Court and notably, both decisions predate the Second Circuit's Bellamy decision by at least fifteen years. As such, in the same way these cases did not impact the Second Circuit's position on this issue, both similarly should not impact the applicable standard in this case.

2

Thank you for your consideration herein.

Respectfully submitted,

/s/

Brian Francolla
Senior Counsel
Special Federal Litigation Division

cc: Plaintiff's counsel (by ECF)