# LAW OFFICES OF JOEL B. RUDIN, P.C.

CARNEGIE HALL TOWER
152 WEST 57TH STREET
EIGHTH FLOOR
NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@rudinlaw.com

JOEL B. RUDIN

JACOB "COBY" LOUP
DAVID E. RUDIN

DAVID S. KEENAN
(OF COUNSEL)

THELONIOUS COLEMAN
(PARALEGAL)

March 14, 2023

**BY ECF**

Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Fraser v. City of New York, et al.*, No. 20-cv-04926 (CM)

Dear Judge McMahon:

Defense counsel's highly misleading opening statement makes clear that Defendants intend to question Mr. Fraser using improper deposition questioning, which misused unauthenticated parole hearing "transcripts." Defense counsel should be precluded from cross-examining Mr. Fraser on the statements he allegedly made during these hearings because these transcripts have not been properly authenticated, and they should be precluded from impeaching Mr. Fraser with any testimony he gave during his deposition about the accuracy of these purported transcripts because those questions were inadmissible and properly objected to during the deposition.

Specifically, on June 6, 2017, and September 7, 2017, Mr. Fraser appeared before the New York State Department of Corrections and Community Supervision's Board of Parole for parole hearings, conducted via videoconference. Although Mr. Fraser was in a room by himself during these hearings, stenographers were also supposedly present—although it is not clear whether they were in a room with the parole commissioners or separately connected via videoconference. (Mr. Fraser was not under oath during these hearings.) Each of these transcripts contain the following certification from the stenographers:

> I hereby certify that the proceedings and evidence contained fully and accurately in the **notes taken by me** on the above cause and that this is a **correct transcript of the same to the best of my ability**.

It is not clear here whether either of these reporters are qualified or certified. The above "certification" doesn't say her notes are "verbatim." Mr. Fraser was never given the opportunity by the Parole Commission to review the transcripts and acknowledge their correctness or correct them. He did not see them until years after the proceedings. Defendants have never produced the notes upon which these transcripts are based. Mr. Fraser has similarly never seen these notes, nor has he adopted or endorsed the statements contained in these transcripts. *United States v. Leonardi*,

LAW OFFICES OF JOEL B. RUDIN, P.C.

Honorable Colleen McMahon
March 14, 2023
Page 2

623 F.2d 746, 756 (2d Cir. 1990) ("A witness may not be charged with a third party's characterization of his statements unless the witness has subscribed to them."); *see also United States v. Rubin*, 609 F.2d 51, 62 (2d Cir. 1979) (noting that a third party's summary of a witness' statements may be used as prior consistent statement where witness has previously adopted the document as his own).

Thus, where, as here, Mr. Fraser has never endorsed the statements contained in these purported transcripts, Defendants bear the burden of proving that the transcripts are "what [Defendants] claim[]." *See* FRE 901(a) ("The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."); *see also United States v. Almonte*, 956 F.2d 27, 29 (2d Cir 1992) ("The burden of proving that notes reflect the witness's own words rather than the note-taker's characterization falls on the party seeking to introduce the notes" pursuant to FRE 901 and FRE 104(b)); *United States v. Hon*, 904 F.2d 803, 809 (2d Cir. 1990) (noting the proponent must show "a rational basis for concluding that an exhibit is what it is claimed to be."); *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 168 F. Supp. 2d 57 (S.D.N.Y. 2001) (under FRE 901 and FRE 104(b), party failed to carry burden of presenting evidence sufficient to support a finding that the excerpt was a verbatim transcript of the opposing party's statements).

Defendants have offered no evidence concerning the manner in which these transcripts were created—there is no information concerning the editing process, whether previous drafts exist, or the time that elapsed between the hearing and the creation of the transcript. *Bank Brussels Lambert*, 168 F. Supp. 2d at 59-60 ("In light of the editing process as described by Mr. Luke and the instance in which he was unable to state that the [disputed excerpt] accurately reflect what was said, the [disputed excerpt] cannot be regarded as a transcript of that . . . interview").

Defendants, in their opening, revealed their intention to reframe the testimony Mr. Fraser has given concerning the parole hearing transcripts. During opening statements, Defense counsel said: "[h]e didn't say for example, yeah, I said it, but I was lying to get better treatment from the parole board. **No, he blamed the court reporter** . . . You will hear these admissions. . . . His explanation is not that there are minor errors, like a missing comma or missed spelling. **No, his explanation is that the court reporter got it wrong**." Tr. 43:25-44:10. But in reality, when Mr. Fraser was asked about the statements he made during his parole hearing at his deposition, he gave the following testimony: "I'm not saying that this is the Court Reporter's fault or anyone's fault. I'm just saying that it's highly possible that it's inaccurate." Dep. Tr. 43:24-44:1. He was continually questioned about his opinion about whether a court reporter got it wrong and was cross-examined improperly from the transcripts as if they were duly authenticated, verbatim transcripts when they were not.

## Law Offices of Joel B. Rudin, P.C.

Honorable Colleen McMahon
March 14, 2023
Page 3

      Given that Defendants had failed to properly authenticate these transcripts, Mr. Fraser's counsel repeatedly and properly objected to Defense counsel's questions concerning the accuracy or correctness of the parole hearing transcripts during Mr. Fraser's deposition. *See* e.g., Dep. Tr. 38:22; *id.* 39:2; *id.* 39:10. That is because, as Mr. Fraser indicated during his deposition, he could not recall the exact words he used during the parole hearings. *See* Dep. Tr. 38: 20-24 ("Q. [] Can we agree that that's what the transcript says? Mr. Rudin: Objection to form. A: Sir, that's what the transcript says, but I don't recall answering this question exactly like this."); *id.* 39:8-11 ("Q. To the extent it's written that way, the Court Reporter may have gotten it wrong, is that what you're saying? Mr. Rudin: Objection to form." A: I'm not sure sir."); *id.* 40:8-12 ("Q: so you think everything we've gone through for far suggests mistakes? Mr. Rudin: Objection as to form. A: I'm not sure. I don't recall being asked this way and answering this way."); *id.* 41:2-4 ("Q: Line 17 to 20, did you say that? A: I don't recall the exact answers to questions like this."); *id.* 42:7-9 (Q: Did you say what's in lines 7 through 10? A: I don't recall exactly saying this just like this."). Thus, any deposition testimony concerning the accuracy of the parole hearing transcripts is plainly inadmissible.

      For these reasons, Defense counsel should be precluded from cross-examining Mr. Fraser using the objected-to testimony at the deposition and should not be permitted to read into the record or show the jury the parole transcripts as they would be permitted to do with a properly authenticated transcript.

Respectfully submitted,

/s/

Joel B. Rudin

cc:    Brian Francolla
        Caroline McGuire
        New York City Law Department
        Special Federal Litigation Division
        100 Church Street
        New York, NY 10007
        *Counsel for Defendants*

        Michael L. Bloch
        Benjamin D. White
        Cristina Alvarez
        Bloch & White LLP
        152 W 57th Street, 8th Floor

LAW OFFICES OF JOEL B. RUDIN, P.C.

Honorable Colleen McMahon
March 14, 2023
Page 4

New York, NY 10019
*Co-Counsel for Plaintiff Jawaun Fraser*