

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

BRIAN FRANCOLLA
Senior Counsel
Phone: (212) 356-3527
Fax: (212) 356-3509
Email: bfrancol@law.nyc.gov

March 14, 2023

**BY ECF**
Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    Jawaun Fraser v. City of New York, et al., 20-CV-4926 (CM)

Your Honor:

       I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of the above-referenced matter on behalf of defendants City of New York, Undercover Officer Number 84, Detective Regina, and Detective Deltoro. Defendants write in response to plaintiff's last minute application to preclude the use of certified transcripts created as result of official proceedings he admits he participated in.

       As an initial matter, it was plaintiff's counsel who obtained the transcripts in question, after subpoenaing plaintiff's parole file, and then produced them to the undersigned during discovery. See June 6, 2017 Parole Hearing Transcript annexed hereto as Ex. A; September 7, 2017 Parole Hearing Transcript annexed hereto as Ex. B.[1] Plaintiff cannot now raise authenticity concerns about documents he produced. See Trs. of the Local 8A-28A Welfare Fund v. Am. Group Adm'rs, 14-CV-1088 (RRM)(PK), 2017 U.S. Dist. LEXIS 137365, at *8 (E.D.N.Y. Aug. 25, 2017) ("Similarly, where Plaintiffs' exhibits are documents produced by the AGA Defendants in discovery, bearing an 'AGA' Bates-stamp the AGA Defendants cannot credibly question their authenticity.") (internal citation omitted) (citing Faulkner v. Arista Records LLC, 797 F. Supp. 2d 299, 307 (S.D.N.Y. 2011) (where "Plaintiffs produced the documents and are thus in the best position to know whether they are indeed authentic" such an argument "teeters on the edge of sanctionable"). See also, Dayton v. Sears Roebuck & Co., No. 2:12-cv-01945-TLN-CKD, 2014 U.S. Dist. LEXIS 157211, at *12 (C.E. Dist. Nov. 5, 2014) ("First, Plaintiff themselves produced

---

[1] Specifically indicated by the Bates Nos that begin "Fraser."

the EDD and SSA documents at issue during discovery, and therefore cannot now object to their authenticity.").

Moreover, these transcripts are both certified as accurate by the assigned stenographers. See Ex. A, p. 14; Ex. B, p. 21. These stenographers are titled "Verbatim Reporters" on the first page of each transcript. Additionally, in both hearings, plaintiff was specifically made aware of the fact that these hearings were being transcribed. See Ex. A, p. 2: 25 – 3: 5; Ex. B, p. 3: 12 – 19. Not only was plaintiff made aware of the fact that the hearings were being transcribed, he was specifically told that any statements he provided therein could be used against him in connection with any appeal or as part of the parole process. Id. It is frankly absurd to argue now, for the first time ever, that defendants cannot use plaintiff's own statements against him because of baseless questions over the validity of certified transcripts obtained and provided by his own counsel. Particularly, considering plaintiff made numerous statements that blatantly contradict the version of events he has presented as part of this lawsuit. See generally Ex. A and Ex. B (delineating that while the transcripts are only 14 and 21 pages respectively, the admissions are numerous).

The issue of using these admissions against plaintiff came up during the parties' last pre-trial conference on February 6, 2023. Specifically, plaintiff sought to preclude defendants from using statements against him about dealing drugs on the night in question since he was not charged with any drug related crime. Your Honor denied that request. No effort was made as part of that application to preclude the use of these admissions due to inaccurate certified transcripts – nor would there have been any basis then either.

Although plaintiff now cites various cases in support of his request, none support the extraordinary relief he seeks, one day before he takes the witness stand in the midst of a trial that already started. All the cases appear to refer to drafts or notes or third party civilian short hand recitations of what another person said. See e.g., Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A., 168 F. Supp. 2d 57, 58 (S.D.N.Y. 2001) ("Defendant Credit Lyonnais (Suisse) S.A. ("Credit Lyonnais") moves for an order 'barring any party from introducing as evidence at trial (i) any portion of an 18-page excerpt from an 'edited, non-verbatim non-final' draft transcript of an interview conducted by Rogers & Wells of Kikka Harrison on January 18-20, 1994 (the 'Disputed Excerpt') or (ii) any testimony of Ms. Harrison concerning the Disputed Excerpt.'"); United States v. Almonte, 956 F.2d 27, 29 (2d Cir. 1992) ("The defense argued that the notes – in particular, the notation 'Yeah, that's right' -- were a verbatim record of what Travers told Ray, and that they could therefore be used to impeach Travers's testimony at trial that Almonte was questioned separately from Bello and made extensive admissions. The government opposed the introduction of Ray's notes. Outside the presence of the jury, Ray testified that the notes were not a verbatim transcript, but rather a shorthand summary of Travers's statement."). None of this jurisprudence, based on defendants' review, preclude the use of certified transcripts generated by Verbatim Reporters. Moreover, the fact that plaintiff's admissions may not be sworn also does not preclude admissibility. Graham v. City of N.Y., No. 08-CV-3518 (KAM) (RML), 2010 U.S. Dist. LEXIS 78184, at *12 n.2 (E.D.N.Y. Aug. 3, 2010) (Even if unsworn, as defendants argue is likely (Def. Object. at 3), J.G.'s statements may be admissible as admissions of a party opponent. See Fed. R. Evid. 801(d)(2)(A) ("A statement is not hearsay if . . . [t]he statement is offered against a party and is the party's own statement, in either an individual or representative capacity.").

      Putting aside the absence of any factual or legal basis basis to question the authenticity of the certified transcripts, plaintiff's counsel referenced plaintiff's statements to the parole board in his opening statement. In sum and substance, counsel indicated that plaintiff made false statements to the parole board in an effort to gain leniency, based on advice from fellow inmates. Turning to plaintiff's deposition, he was confronted with his numerous admissions and rather than offer up the excuse referenced by plaintiff's counsel in opening, plaintiff's only explanation for the numerous, and in some cases paragraph long, admissions were mistakes made by two different Verbatim Reporters in certified transcripts they prepared as part of official proceedings. See Plaintiff's Deposition, annexed hereto as Ex. C, pp: 44: 1 – 47: 25 (picking up from the portion cited by plaintiff's counsel as one of several examples).

      In sum, there is absolutely no credible basis to dispute the accuracy of these transcripts. The admissions contained therein are entirely admissible as party admissions and defendants should not be barred from such an examination simply because plaintiff's admissions undermine his current version of events. See generally Speedfit LLC v. Woodway USA, Inc., No. 13-CV-1276 (KAM)(AKT), 2020 U.S. Dist. LEXIS 4833, at **9-10 (E.D.N.Y. Jan. 9, 2020) ("Evidence cannot be excluded under Fed. R. Evid. 403 on the basis that, due to its relevance, such evidence has a negative impact on a party's litigation position.").

      Thank you for your consideration herein.

      Respectfully submitted,

      /s/

      Brian Francolla
      Senior Counsel
      Special Federal Litigation Division

cc:    Plaintiff's counsel (by ECF)