# LAW OFFICES OF JOEL B. RUDIN, P.C.

CARNEGIE HALL TOWER
152 WEST 57TH STREET
EIGHTH FLOOR
NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@rudinlaw.com

JOEL B. RUDIN

JACOB "COBY" LOUP
DAVID E. RUDIN

DAVID S. KEENAN
(OF COUNSEL)

THELONIOUS COLEMAN
(PARALEGAL)

March 18, 2023

**BY ECF**

Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: *Fraser v. City of New York, et al.*, No. 20-cv-04926 (CM)

Dear Judge McMahon:

    We write on behalf of Plaintiff, Jawaun Fraser, to address an issue identified during yesterday's charge conference: whether Mr. Fraser's *Monell* claim against the City of New York will require the jury to find either UC84 or Del Toro liable on an individual *Brady* claim. We believe it does not. At the outset, we note that this Court has already (and correctly) ruled on this issue in denying the Defendants' motion for summary judgment and request to bifurcate the trial: "A reasonable jury could conclude that the City violated its duty to train its officers – and could hold the City liable for that failure even in the absence of individual liability findings against the three officers." Dkt. No. 87 at 4. As explained below, we believe this accurately states the law (and is also the law of the case).[1]

    A *Monell* claim requires an underlying constitutional *violation*; it does not require a finding of individual *liability* as to that violation. *See City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989) (recognizing failure to train theory of liability against municipality after jury rejected claims against individual defendants); *see also Askins v. Doe No. 1*, 727 F.3d 249, 253 (2d Cir. 2013) (judgment against individual defendants unnecessary to establish municipal liability); *Barrett v. Orange Cnty. Hum. Rts. Comm'n*, 194 F.3d 341, 350 (2d Cir. 1999) (same). Here, the City's unlawful policy and deliberate indifference *violated* Mr. Fraser's constitutional rights by causing police officers not to disclose their lawsuit information to the prosecutor, who then failed to disclose 8 lawsuits against UC 84 and Del Toro to Mr. Fraser's defense attorney. If this Court

---

[1] "The law of the case doctrine forecloses reconsideration of issues that were decided—or that could have been decided—during prior proceedings. . . . [W]hen a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise. Compelling reasons to revisit include an intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Doe v. E. Lyme Bd. of Educ.*, 962 F.3d 649, 662 (2d Cir. 2020). No such cogent or compelling reasons exist here to deviate from Your Honor's summary judgment determination.

LAW OFFICES OF JOEL B. RUDIN, P.C.

Honorable Colleen McMahon
March 18, 2023
Page 2

instructs the jury that municipal liability depends on the *liability* of the individual officers, Mr. Fraser's ability to hold the City accountable could be defeated if the jury finds the officers did not act with the requisite intent. Yet it is the City's very failure to adequately train its officers that arguably kept police officers somewhat in the dark about their *Brady* obligations. This would mean that the City may evade liability for its intentional acts that deprived its employees of the knowledge necessary to act with intent. The more a municipality keeps its employees in the dark, the less likely it would be liable under *Monell*. Such an instruction would turn *Monell* upside down.

The Second Circuit confronted a similarly unlawful municipal policy in *Bellamy v. City of New York*. 914 F.3d 727 (2d Cir. 2019). There, the plaintiff alleged that the Queens DA's Office instituted a policy, referred to as a "Chinese wall," of purposefully shielding trial prosecutors from the existence of substantial benefits given to witnesses in the office's witness protection program, which prevented the unknowing trial prosecutors from disclosing the impeachment evidence to the defense. *Id.* at 733. The Second Circuit held that, though the individual trial prosecutor was unaware of the impeachment material, the City's policy caused the violation of the plaintiff's rights through the prosecutor, and the City could be held liable because it was deliberately indifferent to the risk of injury to the plaintiff. *Id.* at 762.

Imagine now that instead of the Queens DA's Office, it was the NYPD that had a database containing impeachment information about informants, but kept that information from detectives working on individual cases. Detectives would then fail to disclose that impeachment material to the prosecutor, and, by extension, the defendant, without any culpable intent to withhold material of which they knew nothing about because of the NYPD's unconstitutional policy. In that case, there would be a clear violation of the defendant's constitutional right to favorable evidence under *Brady*, but if intentional conduct by individual officers was necessary to establish a *Monell* claim against the City, the NYPD would have impunity for its unlawful policy of preventing detectives from learning of the impeachment evidence. Such a rule would defeat the purpose of *Monell* and Section 1983.

To prevail on his *Monell* claim, Mr. Fraser must prove an underlying constitutional violation. That requirement will be satisfied if the jury finds a violation of Mr. Fraser's right to a fair trial under *Brady* by determining that any or all of the 8 lawsuits the prosecution failed to disclose would have been material to the outcome of his criminal trial. The violation of Mr. Fraser's constitutional rights occurred when the prosecutor did not disclose the lawsuits. And the police had a duty "to share with the prosecutor any *Brady* evidence that is favorable to the accused." *Horn v. Stephenson*, 11 F.4th 163, 171 (2d Cir. 2021) (citing *Walker v. City of New York*, 974 F.2d 293, 299 (2d Cir. 1992)). Assuming intent is required for a civil *Brady* violation under the due process clause, it is satisfied by the City's deliberate indifference. *See Fappiano v. City of New York*, 640 Fed. App'x 115, 118 (2d Cir. 2016) (summary order) (citing *Walker*, 974 F.2d at

LAW OFFICES OF JOEL B. RUDIN, P.C.

Honorable Colleen McMahon
March 18, 2023
Page 3

300).  A jury finding of materiality establishes an underlying constitutional *Brady* violation sufficient to support municipal liability, regardless of the individual officers' intent.

Mr. Fraser could have brought a claim solely against the City without naming any individual defendants.  His ability to hold the City accountable irrespective of individual liability is no different merely because he has named individual officers.  *See Fairley v. Luman*, 281 F.3d 913, 917 (9th Cir. 2002).  Having named individual officers, the only reason Mr. Fraser's claim for municipal liability could depend on individual liability is if a jury verdict for the individual officers but against the City was inconsistent.  In *Thomas v. Cook Cnty. Sheriff's Dep't*, to determine whether a municipality's liability is dependent on its employees' liability, the Seventh Circuit looked to "the nature of the constitutional violation, the theory of municipal liability, and the defenses set forth."  604 F.3d 293, 305 (7th Cir. 2010) (citing *Speer v. City of Wynne*, 276 F.3d 980, 986 (8th Cir. 2002)).  Reviewing the elements of individual liability in the jury instructions, the Seventh Circuit stated that the jury could have found that the individual defendants were not "deliberately indifferent" to the plaintiff's serious medical needs, but that the County's failure to implement a system to allow for prompt review of inmate's medical requests kept them from responding adequately.  *Id.*  The Seventh Circuit therefore upheld the verdict, finding "nothing amiss in holding the County liable even though none of the [County medical technicians] were individually responsible."  *Id.*

*Askins v. Doe No. 1* reaffirms the principle that municipal liability does not require a judgment against an individual.  *See* 727 F.3d 249, 253 (2d Cir. 2013) ("It does not follow, however, that the plaintiff must obtain a *judgment* against the individual tortfeasors in order to establish the liability of the municipality.").  The Second Circuit held that the district court erred by dismissing the plaintiff's claims of municipal liability based on individual defendants' defenses of qualified immunity and the limitations period.  *See id.* at 255.  Those defenses to individual liability were irrelevant to municipal liability, unlike the question of whether any municipal actor committed "the alleged tort."  *See id.* at 254-55.  *Askins* simply used "tort" as a synonym for what courts more often call "violation" or "injury" in restating the well-established principle that municipal liability requires a constitutional violation.  *See id.* at 253 (citing *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

Accordingly, the jury should be instructed that it may find the City liable to Mr. Fraser on his *Monell* claim if it finds the lawsuits were material, even if they do not find UC84 or Del Toro individually liable.

Respectfully submitted,

/s/

Joel B. Rudin

LAW OFFICES OF JOEL B. RUDIN, P.C.

Honorable Colleen McMahon
March 18, 2023
Page 4

cc:  Brian Francolla
     Caroline McGuire
     New York City Law Department
     Special Federal Litigation Division
     100 Church Street
     New York, NY 10007
     *Counsel for Defendants*

     Michael L. Bloch
     Benjamin D. White
     Cristina Alvarez
     Bloch & White LLP
     152 W 57th Street, 8th Floor
     New York, NY 10019
     *Co-Counsel for Plaintiff Jawaun Fraser*